

**JAMES E. JOHNSON**
*Corporation Counsel*

The City of New York
Law Department
100 CHURCH STREET
NEW YORK, NY 10007

**CASSANDRA N. BRANCH**
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-4074
Fax: (212) 356-2439
Email: cbranch@law.nyc.gov
Email and Fax No. **Not** for Service of Papers

February 4, 2020

**BY ECF**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



Re: *Warmin v. New York City Dep't of Educ., et al.*
16 Civ. 8044 (KPF) (JLC)
Our No. 2016-047056

Dear Judge Failla,

      I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced action. Defendants respectfully submit this letter in response to plaintiff's letter, dated February 3, 2020, concerning discovery in this matter. *See* ECF Dkt. Entry No. 76.

**Status of Paper Discovery**

      The parties commenced discovery in this case following the Court's issuance of a case management plan on October 17, 2019. *See* ECF Docket Entry No. 65. The parties' case management plan required the parties to exchange initial disclosures pursuant to Rule 26(a)(i)(A) of the Federal Rules of Civil Procedures by November 19, 2020. *See id.* Defendants produced their initial disclosures and documents annexed as Bates stamp Nos. DOE_0001 – DOE_0286 on November 19, 2020. Plaintiff has yet to produce his initial disclosures.

      Plaintiffs served his combined settlement demand and request for documents on November 19, 2019. Defendants served their first combined request for interrogatories and request for the production of documents on November 19, 2019. In response to plaintiff's document demands, defendants additionally produced Bates stamp Nos. DOE_001 – DOE_0313[1]

---

[1] I mistakenly labeled defendants' January 29, 2020 production with the same "DOE_" prefix as documents produced by defendants on November 19, 2019, however these are different sets of documents.

**HONORABLE KATHERINE P. FAILLA**
United States District Judge
*Warmin v. New York City Dep't of Educ., et al.*,
16 Civ. 0844
February 4, 2020
Page 2

on January 29, 2020. Although Defendants have not yet formally responded to plaintiff's document requests, they have provided him with the vast majority of what he seeks in discovery, including: the Office of Special Investigation ("OSI") file concerning plaintiff's role in writing an Individualized Education Plan ("IEP") for which he was disciplined; statements of parties concerning that OSI investigation; a redacted copy of the IEP in question; plaintiff's personnel file; plaintiff's DOE medical file, including all documentation relating to his reasonable accommodation request; records from his prior proceedings; and emails corresponding to the above files. Plaintiff agreed to accept the defendants' written discovery responses by today, and shortly before the filing of this letter, defendants served plaintiff with formal responses to his discovery demands. Plaintiff has not produced any documents whatsoever to defendants in this litigation. Nor has plaintiff responded to defendants' discovery demands or interrogatories.

**Status of Plaintiff's Deposition**

Following the Court's issuance of the order extending discovery in this matter to January 13, 2020 (*see* ECF Docket No.74), defendants served plaintiff a Notice of Deposition, dated January 21, 2020, noticing plaintiff for a deposition on February 3, 2020. I later advised plaintiff by voicemail and email that I would need to reschedule his deposition for February 5, 2020 due to a scheduling conflict on my part. I either emailed or left voicemail messages for plaintiff on January 9, 16, 17, 28, 29, 30, and 31, 2020 concerning his production of any discovery documents and scheduling of his deposition for any date before discovery closes on February 13, 2020. As noted above, plaintiff has yet to produce documents in response to any of those requests, or confirm his availability for a deposition.

Defendants reached plaintiff by phone on January 30, 2020. During that call, plaintiff stated that he was unaware of the Court's January 13, 2020 order closing discovery on February 13, 2020, and would, by the close of business on January 30, 2020, email defendants as to: (a) when they can expect plaintiff to produce documents held at plaintiff's residence; and (b) whether he will appear for his deposition scheduled for February 5, 2020. Plaintiff did not do so, and further failed to respond to my voicemail and email on January 31, 2020 regarding the same.

Plaintiff emailed defendants on February 4, 2020, and advised that on February 3 or 4, 2020, he requested to be absent from work for a deposition on February 10, 2020. With respect to defendants' document requests, plaintiff stated that he would begin to share documents as he finds them.

Defendants require documents and a deposition from plaintiff in order to defend against plaintiff's claims. Accordingly, defendants respectfully request that the Court instruct plaintiff to supply responses to the information requested by defendants, by February 7, 2020, and appear for his deposition at the Office of the Corporation Counsel on February 10, at 10:00 a.m.

**HONORABLE KATHERINE P. FAILLA**
United States District Judge
*Warmin v. New York City Dep't of Educ., et al.*,
16 Civ. 0844
February 4, 2020
Page 2

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

[ECF]      /S/
Cassandra N. Branch
Assistant Corporation Counsel

cc: Adam Warmin
Plaintiff *Pro Se*
(By ECF and Mail)

```
The Court is in receipt of Plaintiff's letter concerning the state of
discovery, dated January 31, 2020, (Dkt. #76), as well as Defendants'
two letters in reply, dated February 4, 2020 (Dkt. #77, 78).  The Court
understands that Defendants have now fully complied with Plaintiff's
document requests.  To the extent Plaintiff believes that Defendants'
document production is incomplete, Plaintiff is instructed to notify
the Court immediately.

The Court further understands that Plaintiff has yet to produce his
initial disclosures, to respond to Defendants' interrogatories, or to
produce any documents in response to Defendants' document requests.
Per the Court's Order, dated January 17, 2020, fact discovery is
scheduled to close on February 13, 2020, but the deadline for the
deposition of Plaintiff will be extended slightly, as described in the
following paragraph.  Plaintiff is hereby ORDERED to respond to
Defendants' discovery requests on or before February 12, 2020, in
advance of Plaintiff's deposition.  If Plaintiff has a valid objection
to any of Defendants' discovery requests, he should raise those
objections to the Court immediately.  Otherwise, Plaintiff should
comply with Defendants' discovery requests.

The Court will extend the deadline for the deposition of Plaintiff as
follows:  To the extent Plaintiff has not yet agreed to participate in
a deposition, Plaintiff is hereby ORDERED to do so, at some date and
time that is mutually convenient for the parties, but in no event
later than February 24, 2020.
```

Dated: New York, New York
February 5, 2020

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

*A copy of this Order was mailed by Chambers to:*

```
Adam Thomas Warmin
3316 Shore Pkwy
Brooklyn, NY 11235
```